UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHEDRICK BOWES-NORTHERN, <br><br> Plaintiff, <br><br> v. <br><br> CHOICES HOTEL INTERNATIONAL, ILLINOIS DEPARTMENT OF CHILDREN SERVICES, MICHAEL CORNELL, HARRIET HOLMES, ASHLEY ALLEN, SYDNEY SCOTT, QUALITY INN PORTAGE, and HARDY PARIKH, <br><br> Defendants. | CAUSE NO.: 2:21-cv-331-TLS-JEM |

**OPINION AND ORDER**

The Plaintiff Shedrick Bowes-Northern, a Plaintiff proceeding without counsel, filed a Complaint [ECF No. 1] in this Court against Choices Hotel International, Illinois Department of Children Services, Michael Cornell, Harriet Holmes, Ashley Allen, Sydney Scott, Quality Inn Portage, and Hardy Parikh on October 20, 2021. He also filed a Motion to Proceed In Forma Pauperis [ECF No. 2] on October 20, 2021. For the reasons set forth below, the Plaintiff's claims are SEVERED, with his claims against Choices Hotel International, Quality Inn Portage, Parikh, and Scott separated from his claims against Illinois Department of Child Services, Cornell, Holmes, and Allen. The Plaintiff's Motion is DENIED, and the cases are DISMISSED without prejudice.[1]

---

[1] The Court notes that the Plaintiff has filed several pro se complaints with this Court as of the date of this Opinion and Order: 2:21-cv-287-TLS; 2:21-CV-85-PPS; 2:21-CV-88-PPS; 2:21-CV-195-TLS; 2:21-CV-329-PPS; 3:21-CV-803-JD.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, the Plaintiff's motion establishes that he is unable to prepay the filing fee. However, the Court must also consider whether the action is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim, applying the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

The Plaintiff is proceeding without counsel. Civil Cover Sheet, ECF No. 1-1. The Court "liberally construe[s] the pleadings of individuals who proceed *pro se*." *Greer v. Bd. of Educ. of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001). "The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Id.* (quoting *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998)).

The Plaintiff alleges that his daughter suffered from a bedbug bite and that her mother did not take her to the hospital because of the COVID-19 Pandemic. Compl. Ex., at 1, ECF No. 1-5. The Plaintiff asserts that he informed the Illinois Department of Children Services that his daughter was being neglected, but that the department did nothing to assist her and covered up the incident. *Id.* at 1–3. As will be described below, he claims two distinct, separate cases.

The Plaintiff's claims against the Illinois Department of Children Services and governmental employees Cornell, Holmes, and Allen are brought under "Federal Tort Law" and "Color of Law" because they caused "anxiety, mental distress, emotional trauma, and other harmful effects" to the Plaintiff and his daughter. *Id.* at 2–3. Liberally construing his claims, the Plaintiff seems to invoke § 1983, because he seeks to recover against state governmental officials in federal court and invokes "Color of Law," which references the requirement under § 1983 that the defendants must have acted under the color of state law. *See Jones v. Cummings*, 998 F.3d 782, 786 (7th Cir. 2021).

He brings claims against Quality Inn Portage, Choice Hotels National, and Parikh because of the bed bugs and for infliction of emotional distress. Compl. Ex., at 4. He also appears to be bringing a negligence claim against Scott. *See id.* at 3–4.

The Plaintiff's claims should be severed. Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "It is within the district court's broad discretion whether to sever a claim under Rule 21." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). "As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it." *Id.* A claim is discrete and separate when the claim is "capable of resolution

3

despite the outcome of the other claim." *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006).

The Plaintiff's claims are easily separated into two distinct set of claims: (1) his § 1983 claims against the Illinois Department of Children Services and governmental employees Cornell, Holmes, and Allen, and (2) his tort claims against Quality Inn Portage, Choice Hotels National, Parikh, and Scott. These claims can be resolved separately. The § 1983 claims turn on the actions of the governmental agency and employees in Illinois after the Plaintiff told them about the bug bite. The Plaintiff's tort claims turn on whether the hotel, its owner, and Scott violated a duty owed to the Plaintiff and his daughter. Each claim is resolved independently of one another. The Court will sever these claims because the claims involve different operative facts.

Pursuant to 28 U.S.C. § 1406(a), when "a case laying venue in the wrong division or district" is filed, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In the § 1983 claims, the Plaintiff names no defendants who are residents of the State of Indiana. He lists the same Illinois address for Defendant Illinois Department of Children Services and the three employees. *See* Proposed Summons 1, 4–6, 8, ECF No. 1-2. Although the bedbug

4

bite occurred in Indiana, it appears from the allegations of the Complaint that actions of the governmental defendants supporting the Plaintiff's § 1983 claims occurred within the geographic boundaries of the United States District Court for the Northern District of Illinois. Pursuant to 28 U.S.C. § 1391(b)(2) venue is not proper in this District; however, it appears that this case could have been filed in the Northern District of Illinois. The Court finds that it is not in the interests of justice to transfer this case. This case is dismissed without prejudice.

In his state law case, the Plaintiff asserts that the Court has diversity jurisdiction over his claims. Federal courts are courts of limited jurisdiction. *See* U.S. Const. Art. III. Liberally construing the Plaintiff's claims, he alleges that the Court has jurisdiction under 28 U.S.C. § 1332 for his claims against Quality Inn Portage, Choice Hotels National, Parikh, and Scott. Section 1332 provides that federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The Court is "always 'obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction.'" *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). Section 1332 requires that the parties on each side of an action are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. As the party seeking this Court's jurisdiction, Plaintiff bears the burden of showing that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). The Plaintiff is an Indiana citizen, and he alleges Quality Inn Portage and Parikh are as well. *See* Proposed Summons 3.

5

Based on the filings, two of the Defendants appear to be citizens of the same state as the Plaintiff. Those claims are dismissed without prejudice.

      The Plaintiff's claims are SEVERED. His case against Illinois Department of Children Services and governmental employees Michael Cornell, Harriet Holmes, and Ashley Allen is DISMISSED without prejudice for lack of venue. The Plaintiff's case against Quality Inn Portage, Choice Hotels National, Hardy Parikh, and Sydney Scott is DISMISSED without prejudice for lack of subject-matter jurisdiction.

      SO ORDERED on February 22, 2022.

                                        s/ Theresa L. Springmann
                                        JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT